# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANTHONY SCOTT GRANTHAM,

　　　　Petitioner,

v.

PEOPLE OF THE STATE OF CALIFORNIA,

　　　　Respondent.

Case No. ED CV 19-2459 VAP (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

　　　The Court dismisses this habeas corpus action without prejudice for lack of federal jurisdiction. 28 U.S.C. § 2254(a).

* * *

　　　1.　Petitioner is currently an inmate in local custody. According to the California Attorney General, Petitioner was convicted at trial in San Bernardino Superior Court in February 2020 on charges of resisting arrest and evading a peace officer. The trial court sentenced Petitioner to six years in prison. (Docket # 10-1 at 2.) Petitioner is currently appealing his conviction and sentence in the state appellate court. (Id.)

2. Petitioner filed this habeas corpus action in federal court before his trial. (Docket # 1.) The gist of his habeas claims was to challenge to the propriety of pretrial competency proceedings (Id. at 4-9.) Relatedly, Petitioner claimed that his speedy trial right was violated by his pretrial detention. (Id.)

3. The Attorney General moved to dismiss the federal habeas action on several grounds. (Docket # 10.) Most significantly, the Attorney General contends that Younger abstention and lack-of-exhaustion principles due to the ongoing post-conviction appellate proceedings in state court warrant dismissal of the action.

4. Petitioner's brief response acknowledges his recent conviction and appeal. (Docket # 14 at 2-4.) However, he contends that he "was not aware that the writ of habeas [ ] would hinder Petitioner's appeals." He also states that he understood that he "could have more than one petition [ ] in the courts." (Id.) Petitioner provided no argument in response to the Attorney General's jurisdictional positions.[1]

* * *

5. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action. 28 U.S.C. § 2243; see also Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

6. **Younger Abstention.** Federal courts generally abstain from interfering with pending state criminal proceedings until the conviction

---

[1] The Court takes notice that it recently dismissed a parallel action involving Petitioner. Grantham v. People, No. CV 19-10106 VAP (MRW) (C.D. Cal.). Petitioner challenged an expired sentence that allegedly affected his ongoing incarceration. The Court summarily dismissed the case on jurisdictional grounds.

becomes final after the conclusion of appellate proceedings. Younger v. Harris, 401 U.S. 37, 45 (1971); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973) (same). Younger abstention "is appropriate if (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is adequate opportunity in the state proceedings to raise federal questions." Dubinka v. Judges of Superior Court, 23 F.3d 218, 223 (9th Cir. 1994); Sheehee v. Baca, 588 F. App'x 716 (9th Cir. 2014) (same).

7. There are few exceptions to the Younger rule. They are limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction" [Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012)] or when a prisoner raises a "colorable claim of double jeopardy." Stanley v. Baca, 555 F. App'x 707, 708 (9th Cir. 2014).

8. ***Exhaustion.*** Under federal habeas law, a prisoner must exhaust all claims as a prerequisite to federal court consideration of a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A); Kyzar v. Ryan, 780 F.3d 940, 946 (9th Cir. 2015). Exhaustion occurs when a prisoner fairly presents those claims to the state's highest court. Rose v. Lundy, 455 U.S. 509 (1982); Duncan v. Henry, 513 U.S. 364, 370 (1995).

\* \* \*

9. In the present matter, the Attorney General convincingly demonstrated that this Court does not have (or should decline to exercise) jurisdiction over Petitioner's habeas claims. Petitioner's conviction and sentence are currently the subject of ongoing proceedings in the state appellate court. There is clearly an adequate opportunity on direct appeal for Petitioner to raise issues about his pretrial detention and the process by

which his mental competency was assessed. Younger, 401 U.S. at 45; Dubinka, 23 F.3d at 223. Moreover, Petitioner makes no colorable claim of bad faith prosecution or double jeopardy violations. Brown, 676 F.3d at 903; Stanley, 555 F. App'x at 708. Younger abstention is appropriate.

10. Further, Petitioner presents obviously unexhausted claims in his current petition. Petitioner's post-conviction direct appeal is currently pending in the state's intermediate appellate court. He hasn't presented these claims to the state supreme court yet. As a result, his federal habeas action consists solely of unexhausted claims. Dismissal is warranted on this basis. Kyzar, 780 F.3d 946; Rose, 455 U.S. at 509.

11. Therefore, the present action is hereby DISMISSED without prejudice for lack of jurisdiction.[2]

IT IS SO ORDERED.

Dated: April 28, 2020

HON. VIRGINIA A. PHILLIPS
CHIEF U.S. DISTRICT JUDGE


Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the Court does not have jurisdiction over the action, it declines to take up the Attorney General's alternative contentions regarding mootness and whether Petitioner named an appropriate respondent. (Docket # 10-1 at 3, 5.)